## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **GAIL DURKIN,** )<br>   Plaintiff )<br> )<br>vs. )<br> )<br>**SAS INSTITUTE INC.,** )<br> )<br>   Defendant ) | **Case No. 8:06-CV-00324 (LES/TDT)**<br><br>**AGREED PROTECTIVE ORDER** |

This matter came before the Court for the entry of an Agreed Protective Order governing the disclosure of documents and information therein pertaining to proprietary and/or confidential matters (together referred to as "Confidential Information"). Defendant agrees to produce such documents on the agreement that such Confidential Information will be disclosed only as provided herein. It appears to the Court that entry of this Order, as agreed to by the parties, is appropriate.

**WITH THE CONSENT OF THE PARTIES, IT IS THEREFORE ORDERED THAT:**

1. This Protective Order is entered pursuant to the Federal Court Rules.

2. This Protective Order shall govern all materials deemed by the parties to be "Confidential Information." Such Confidential Information shall consist of the following:

   (a) Any and all documents referring or related to confidential human resources, proprietary business information, compensation of Defendant's personnel, policies or Defendant's organizational structure;

   (b) Any documents from the personnel file of any current or former employee of Defendant;

1

    (c)  Any documents relating to the health information of any current or former employee of Defendant;

    (d)  Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

  3.  All information produced or transcribed in this action, including, but not limited to, deposition testimony, interrogatory answers, tangible items, documents, copies thereof, and any extracts, abstracts, charts, summaries or notes made therefrom, may, at the instance of the parties, be deemed Confidential Information and subject to the restrictions set forth herein.

  4.  In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. The parties will use their best efforts to limit the number of documents designated Confidential.

  5.  Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

  6.  Qualified recipients shall include only the following:

    (a)  In-house counsel and law firms for each party and the secretarial, clerical, and paralegal staff of each;

    (b)  Deposition notaries and staff;

    (c)  Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

    (d)  Deponents during the course of their depositions or potential witnesses of this case; and

    (e)  The parties to this litigation, their officers, and professional employees.

7. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of this Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

8. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under this Protective Order.

9. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

10. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

11. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty (30) days of said request.

12. By agreeing to the entry of this Protective Order, the parties hereto adopt no position as to the admissibility of documents produced subject to this Protective Order.

13. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

14. The Clerk of Court will forward a certified copy of this Agreed Protective Order to all counsel of record at the addresses listed in the signature lines below.

ENTERED: January 10, 2007.

/s/ Lyle E. Strom

_____
**LYLE E. STROM**
**UNITED STATES DISTRICT JUDGE**

*s/Patrick J. Barrett*_____ _____                         Dated: January 4, 2007
Patrick J. Barrett (#17246)
Aaron A. Clark (#20045)
McGrath, North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge Street
Omaha, NE 68102.

*Counsel for Plaintiff*

*s/Stephanie D. Sarantopoulos*_____ _____                    Dated: January 5, 2007
Stephanie D. Sarantopoulos (MN#0287957)


**Admitted Pro Hac Vice**
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402-2136
(612) 630-1000

*and*

Thomas F. Hoarty, Jr.
**BYAM & HOARTY**
317 American National Building
8990 West Dodge Road
Omaha, NE 6814
Telephone:   402.397.0303
Facsimile:    402.397.5004
*Counsel for Defendants*
Firmwide:81785343.1 037627.1005

4