IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
GAIL DURKIN,                    )
                                )
            Plaintiff,          )        8:06CV324
                                )
       v.                       )
                                )
SAS INSTITUTE, INC.,            )        ORDER
                                )
            Defendant.          )
_____)
```

This matter is before the Court on defendant's motion to compel production of executed medical authorizations for release of medical records (Filing No. 28). Specifically, defendant wants the Court to compel the plaintiff to execute medical authorizations to allow plaintiff's primary physician and her OB/GYN to release all of plaintiff's medical records for the past ten years, alleging that these documents are relevant because plaintiff's complaint includes a claim for emotional distress. The Court has reviewed defendant's brief in support of this motion, defendant's evidentiary submissions, plaintiff's brief in opposition to the motion and plaintiff's evidentiary submissions and defendant's reply brief.

First, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Relevant

information encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Merrill v. Waffle House*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)(*citing Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001) (*quoting Scott v. Leavenworth Unified School Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999)). "If the discovery sought appears relevant, the opposing party bears the burden of specifically showing how each discovery request is irrelevant." *Carlton v. Union Pacific R. Co.*, 2006 U.S. Dist. LEXIS 56642, 2006 WL 2220977, at *3 (D. Neb. Aug 1, 2006).

Here, defendant seeks all of plaintiff's medical records from her primary care physician and her OB/GYN for the past ten years. Plaintiff objects, asserting that these medical records are irrelevant to her claim for emotional distress because her visits to these doctors precede the events that she alleges caused her emotional distress and because she is not going to introduce any expert medical testimony regarding her claim for emotional distress. The Eighth Circuit Court of Appeals has held that "medical or other expert evidence was not required to prove emotional distress." *Kim v. Nash Finch Co.*,

-2-

123 F.3d 1046, 1065 (8th Cir. 1997).  Plaintiff is not required to introduce any medical or expert testimony as a condition to bringing her claim for emotional distress.

Defendant directs the Court to *Walker v. Northwest Airlines Corp.*, 2002 U.S. Dist. LEXIS 27592 (D. Minn. Oct. 28, 2002), in support of their position that plaintiff's medical records should be released.  In *Walker*, a plaintiff was seeking to keep the defendant from accessing her medical records while intending to call a medical doctor and two psychologists as expert witnesses in support of her claim for damages for emotional distress.  *Walker*, 2002 U.S. Dist. LEXIS 27592, at *7-8.  The *Walker* court found that where the plaintiff intended to introduce the testimony of these expert witnesses in support of her claim for damages for emotional distress, a portion of her medical records were discoverable.  *Id*. at *11-12.  Importantly, the Walker Court made clear that the emotional distress claim did not give the defendant "an unfettered right to pursue discovery into Plaintiff's entire medical history.  While Northwest is entitled to discover Plaintiff's mental and emotional health treatment records, it is not entitled to pursue discovery of treatments Plaintiff may have received for physical ailments or injuries."  *Id*. at *14-15.  The *Walker* court ordered that the defendant could only obtain "the release of medical information pertaining to the treatment or diagnosis of a mental, emotional, or psychological condition."  *Id*. at *15.

Specifically the *Walker* court limited the medical records made available to defendant to "discharge summaries (if related to mental or emotional treatment), consultation reports (if related to mental or emotional treatment), psychiatric/ psychological/mental health records, and chemical dependency treatment records." *Id*. Notably, the court specified that "[l]aboratory reports, x-rays, pathology reports, physical therapy records, and information concerning physical examinations are to be expressly excluded." *Id*.

The Court finds that *Walker* provides more support for the plaintiff than for the defendant because the *Walker* court excluded from discovery the type of medical records that the defendant seeks. Further, what medical records the *Walker* court did make available were made available because the plaintiff was calling three expert witnesses to testify in support of her claim for damages for emotional distress. Thus, *Walker* is clearly distinguishable.

Where the plaintiff has not seen her primary care physician for three years, and then simply to have a mole removed (Durkin Deposition, 239:22-25), and where the only other physician she has seen is her OB/GYN for regular checkups (Durkin Deposition, 240:1-14), the Court finds that the defendant has not shown the threshold level of relevance required to justify unfettered discovery of medical records from her personal physician and her OB/GYN. Nevertheless, the Court finds that, as

-4-

in *Walker*, the defendant is entitled to discover plaintiff's mental and emotional health treatment records but is limited to discharge summaries (if related to mental or emotional treatment), consultation reports (if related to mental or emotional treatment), psychiatric/psychological/mental health records, and chemical dependency treatment records, if any, from plaintiff's primary care physician and her OB/GYN.  Thus, the Court finds defendant's motion to compel production of executed medical authorizations for release of medical records (Filing No. 28) should be granted.  Accordingly,

        IT IS ORDERED:

        1) Plaintiff will execute medical authorizations for the release of medical records to defendant from her primary care physician and her OB/GYN for the past ten years limited to discharge summaries (if related to mental or emotional treatment), consultation reports (if related to mental or emotional treatment), psychiatric/psychological/mental health records, and chemical dependency treatment records, if any.

        2) Defendant is denied access to all laboratory reports, x-rays, pathology reports, physical therapy records, and information concerning physical examinations.

        DATED this 7th day of February, 2007.

                            BY THE COURT:

                            /s/ Lyle E. Strom
                            _____
                            LYLE E. STROM, Senior Judge
                            United States District Court