IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
GAIL DURKIN,                      )
                                  )
           Plaintiff,             )         8:06CV324
                                  )
      v.                          )
                                  )
SAS INSTITUTE, INC.,              )         ORDER
                                  )
           Defendant.             )
_____)
```

This matter is before the Court on plaintiff's motion to extend time for filing a motion to compel and possible extension of discovery deadline (Filing No. 36) and motion to compel and motion to extend discovery (Filing No. 39).

Plaintiff submitted timely discovery requests on November 30, 2006, and December 28, 2006. The Court had set a discovery cutoff date of January 31, 2007. Defendant timely replied to these requests, but limited its responses to the actions taken by Stephen Swenson ("Swenson"), her immediate supervisor, and to account executives supervised by Swenson. Now, the plaintiff seeks an order of the Court compelling the defendant to fully respond to the discovery requests previously propounded. Specifically, plaintiff objects to defendant having limited its responses to actions by Swenson and to account executives supervised by Swenson.

The threshold requirement of discoverability is that the information sought must be "relevant to the subject matter

involved in the pending action." Fed. R. Civ. P. 26(b)(1). Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 351 (1978). "Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Pirnie v. Cather & Sons Construction, Inc.*, 2006 U.S. Dist. LEXIS 67983, at *8 (D. Neb. Sept. 21, 2006)(Magis. J. Thalken)(citing *Marker v. Union Fidelity Life Ins. Co.,* 125 F.R.D. 121 (M.D.N.C. 1989); *Morse Diesel, Inc. v. Fidelity & Deposit Co.,* 122 F.R.D. 447 (S.D.N.Y. 1988)).

The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.,* 198 F.R.D. 508, 511-12 (N.D. Iowa 2000). "The party resisting discovery must show specifically how . . . each

interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." *Id.*

Defendant asserts that the motion to compel should be denied because they were overly broad as only employees who reported to Swenson, Durkin's direct supervisor, are similarly situated and thus only information regarding employees who reported to Swenson is relevant. While Durkin bears the burden of demonstrating that she is similarly situated in all respects to allegedly disparately treated co-workers, defendant overstates the importance of co-workers having the same supervisor. *Ledbetter v. Alltel Corp. Servs.*, 437 F.3d 717, 723 (8th Cir. 2006), makes clear that the law does not mandate that employees have the same supervisor to be similarly situated. Instead, *Ledbetter* suggests the unremarkable proposition that analyzing whether employees are similarly situated is easier where the employees have the same supervisor. *Id*. (*Citing Jackson v. St. Louis*, 220 F.3d 894, 896-97 (8th Cir. 2000)(analyzing whether employees are sufficiently similarly situated is easier where the employees have the same supervisor); *Clark v. Runyon,* 218 F.3d 915, 918 (8th Cir. 2000)(same)). The Eighth Circuit has stated that "[a]t the prima facie stage of the McDonnell Douglas burden-shifting framework, we choose to follow the low-threshold standard for determining whether employees are similarly situated. We believe this more accurately reflects Supreme Court

precedent.  The Supreme Court has advised: 'The burden of establishing a prima facie case of disparate treatment is not onerous.'"  *Rodgers v. U.S. Bank, N.A.*, 417 F.3d 845, 852 (8th Cir. 2005)(*quoting Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).  Under this lower standard, it is not required that individuals used as comparators have the same supervisor as the plaintiff.  *Rodgers*, 417 F.3d at 851.  Instead it is sufficient that the plaintiff demonstrate that she was involved in the same or similar conduct as other comparators and was treated differently.  *Id.* at 852.  Thus, while information related solely to Swenson, Durkin's direct supervisor, may be the most relevant, the Court finds that the information sought as to the defendant and employees of supervisors other than Swenson are sufficiently relevant to be discoverable under the *Rodgers* standard.  Therefore, the Court finds said motion should be granted.  Accordingly,

　　　　　IT IS ORDERED:

　　　　　1)  Plaintiff's motion to extend time for filing a motion to compel (Filing No. 36) is granted; plaintiff's motion to compel is deemed timely filed;

　　　　　2) Plaintiff's motion to compel (Filing No. 39) is granted.  Defendant shall answer Interrogatory numbers 13, 19, 22 and 23 and Requests for Production of Document numbers 6 and 7 of

plaintiff's first set of interrogatories and Request number 14 of plaintiff's second set of request for production of documents;

      3) The time for completion of discovery is extended to March 26, 2007;

      4) Plaintiff's request for sanctions is denied.

DATED this 8th day of March, 2007.

                BY THE COURT:

                /s/ Lyle E. Strom
                _____
                  LYLE E. STROM, Senior Judge
                  United States District Court